IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NICOLE KOLARIK, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 04-1388-MLB |
| | ) | |
| ALTERRA HEALTHCARE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, Nicole Kolarik, filed suit against defendant alleging a violation of Title VII of the Civil Rights Act of 1964 (Title VII). This matter comes before the court on defendant Alterra Healthcare Corporation's (Alterra) motion for summary judgment. (Doc. 57.) The motion has been fully briefed and is ripe for decision. (Docs. 58, 59, 60). For the reasons herein, defendant's motion is DENIED.

**I.  FACTS**

Plaintiff is a licensed practical nurse (LPN) previously employed by Alterra at an assisted living facility in Hays, Kansas.  She began working for Alterra in April 2003.  Plaintiff received an employee handbook and Alterra discussed the policies contained therein.

In late 2003, plaintiff informed Alterra that she was pregnant. On January 28, 2004, Lisa Leiker, plaintiff's supervisor, asked plaintiff if she was under any restrictions from her doctor. Leiker questioned plaintiff after learning that plaintiff had requested lifting assistance from co-workers.  Plaintiff responded that her doctor merely recommended that plaintiff not lift more than fifteen to twenty pounds.  Leiker informed plaintiff that any restrictions

would require a doctor's note and that Alterra may need to evaluate plaintiff's continued employment due to Alterra's requirement that LPNs lift up to fifty pounds. Leiker also informed plaintiff that in the event plaintiff needed a leave of absence, Alterra would not guarantee plaintiff's position upon her return. Leiker repeatedly asked plaintiff throughout the day if Alterra needed to run an advertisement to fill plaintiff's position. (Docs. 58 at 1-9; 59 at 2-4).

On February 8, plaintiff first began spotting. Plaintiff went home to rest. Plaintiff called Leiker before her scheduled shift on February 11 to inform her that she would need to miss work due to the spotting. Leiker gave plaintiff permission to miss her shifts. Leiker asked plaintiff if she should place an advertisement in the paper to replace plaintiff. Plaintiff responded that she would work part-time and Leiker could hire an additional LPN. Plaintiff was next scheduled to work on February 16 and 17.

On February 12, plaintiff hurt her foot and went to the emergency room at Hays Medical Center. It was determined that plaintiff sprained her foot and she was required to wear a splint. Plaintiff made a follow-up appointment with Dr. Hess for Monday, February 16. (Docs. 58 at 9-13; 59 at 4-5).

On February 13, Leiker asked Jennifer Roy to call plaintiff and inform her of a scheduled mandatory in-service meeting later that day. Plaintiff, however, called the facility prior to Roy's call. Roy informed plaintiff of the meeting but plaintiff was unsure of her ability to attend due to her injury. Plaintiff also informed Roy that she had an appointment on Monday for her foot. Plaintiff took some

pain medication and went to sleep.  Later that day, plaintiff called the facility to speak with Leiker.  Leiker had left for the day, but plaintiff spoke with Mandy Misner, a nurse aid.  Misner informed plaintiff that she had been removed from the schedule for the 16th and 17th.  (Docs. 58 at 13-15; 59 at 5-6).

The employee handbook contains the following provisions applicable to the no call/no show policy.

> The following partial list of offenses may lead to a final written warning or immediate discharge on the first offense:
>
> 13.  Missing a scheduled workday without making proper notification to the supervisor, in accordance with your workplace call-in procedures.

(Doc. 58 at Plaintiff's Depo. Exh. 4 pg. 21).  According to Alterra's call-in procedures, plaintiff was required to notify her supervisor that she was going to miss a scheduled shift.

At some point on February 17, Leiker consulted with both David Murday, human resources director, and Jeff Birnbaum, regional director of operations, about plaintiff's shifts.  Leiker was required to consult with both Murday and Birnbaum before terminating an employee.  Leiker did not have the authority to terminate an employee without their approval.  Leiker does not remember if she informed Murday and Birnbaum that plaintiff was pregnant or that she had injured her foot and had a doctor's appointment.  Leiker informed Murday that plaintiff did not show up for work on either Monday or Tuesday and failed to call Leiker.  Leiker received authorization to terminate plaintiff for her violation of Alterra's no call/no show policy.  (Doc. 58, Leiker depo. at 63-67).

Plaintiff called the facility on February 18 to find out her next

scheduled shift.  Leiker informed plaintiff that she was terminated for no call/no show.  (Docs. 58 at 17; 59 at 6).

Plaintiff filed this suit alleging that she was fired because of her pregnancy in violation of Title VII.[1]  Defendant has moved for summary judgment on the basis that plaintiff has failed to exhaust her claim and/or plaintiff has failed to establish a prima facie case and evidence of pretext.

**II.  SUMMARY JUDGMENT STANDARD: FRCP 56**

Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  In determining whether a genuine issue of material fact exists, the court "view[s] the evidence in a light most favorable to the non-moving party." Qwest Corp. v. City of Santa Fe, N.M., 380 F.3d 1258, 1265 (10th Cir. 2004) (quotation omitted).  Where, as here, a party seeks summary judgment regarding some, but not all, of the facts or issues in the case, Rule 56(d) authorizes the court to craft an order disposing of those issues for which there is no need for a trial.

---

[1] Plaintiff also asserted a claim for termination in violation of the FMLA.  (See Doc. 1).  That claim was dismissed by this court on July 29, 2005.  (Doc. 42).

**III. ANALYSIS**[2]

In order to state a claim for pregnancy discrimination under Title VII, plaintiff must demonstrate that "(1) she is within the protected class; (2) she was doing satisfactory work; (3) she was discharged; and (4) her position remained open and was ultimately filled by a nonpregnant employee." Atchley v. Nordam Group, Inc., 180 F.3d 1143, 1148 (10th Cir. 1999). Plaintiff has sufficiently established a prima facie case of discrimination.

Defendant attempts to assert that plaintiff cannot meet her prima facie case because she was unable to lift more than twenty pounds. Plaintiff has demonstrated, however, that she was not restricted to lifting only twenty pounds. The doctor made recommendations to plaintiff, but those were not restrictions. Accordingly, the burden now shifts to defendant to demonstrate that it has established a legitimate, nondiscriminatory reason for terminating plaintiff. Id. Defendant has asserted that the reason for plaintiff's termination was her failure to personally call Leiker violated the attendance policy.

The court believes there is a genuine issue of material fact regarding whether defendant's reason for terminating plaintiff was legitimate and nondiscriminatory or whether defendant's explanation was merely pretext for discrimination. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them

---

[2] Defendant's motion for summary judgment on the basis that plaintiff failed to exhaust her administrative remedies is denied for those reasons set forth in this court's previous order. (See Doc. 42).

unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997)(citations and internal quotation marks omitted).  Plaintiff has testified that she notified Roy that she would be absent from work on Monday, February 16.  (Doc. 59 at 12).  Leiker testified that plaintiff only informed Roy about a doctor's appointment.  However, Leiker removed plaintiff from the schedule and obtained alternative staffing.  Leiker does not recall if she told Murday and Birnbaum of these events.  Leiker merely informed them that plaintiff did not call.  Accordingly, a genuine dispute exists as to whether the individuals who made the ultimate decision to terminate plaintiff were completely informed by Leiker before plaintiff's termination.  Moreover, plaintiff has testified that Leiker repeatedly asked plaintiff if something was "going on" and Leiker was stressed and upset when plaintiff was unable to work due to her pregnancy spotting.  (Doc. 59 at 10-11).

The court finds that genuine issues of material fact exist regarding plaintiff's Title VII pregnancy discrimination claim. Defendant's motion for summary judgment is accordingly denied.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments

or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

    IT IS SO ORDERED.

    Dated this __28th__ day of April 2006, at Wichita, Kansas.

                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE